```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **PATRICK McDONOUGH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil No. <u>04-2697-A/P</u> |
| ) | |
| **MEMPHIS RADIOLOGICAL** ) | |
| **PROFESSIONAL CORPORATION;** ) | |
| **MEDICAL ACCOUNTS RECEIVABLE** ) | |
| **MANAGEMENT d/b/a MED-ARM; and** ) | |
| **SEMMES-MURPHEY CLINIC,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

**ORDER GRANTING PLAINTIFF'S RULE 39(b) MOTION FOR JURY TRIAL**

    Before the court by order of reference is plaintiff's Rule 39(b) Motion for Jury Trial. (D.E. 39.) On October 7, 2008, the court held a hearing on the motion. Counsel for all parties were present and heard. At the hearing, plaintiff stated that he inadvertently omitted the jury demand from the amended complaint. Defendants oppose the motion on the grounds that plaintiff's jury demand is untimely.

    In a case in which a party has a right to a trial by jury, a demand for a jury trial must be made by "serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). Although a failure to make this timely demand results in a waiver of the right, <u>see</u> Fed. R. Civ. P. 38(d), Rule 39 provides that "notwithstanding the failure of a party to demand

a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). A district court has broad discretion in deciding a Rule 39(b) motion and should exercise such discretion in favor of granting a jury trial where there are no strong and compelling reasons to the contrary. Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1013 (6th Cir. 1987); see also Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc., 915 F.2d 201, 207 (6th Cir. 1990) (citing Kitchen and explaining that "the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary"). As the Sixth Circuit explained in Moody, "we note that in Kitchen it was necessary to discuss only one of the factors set out in [Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983)]; namely, prejudice to the nonmovant. Given the broad grant of discretion under Rule 39(b), the lack of precedent for reversing the grant of a jury trial, the Seventh Amendment right to a jury trial, and the appellant's failure to convincingly show discernible prejudice, we affirmed in Kitchen." Moody, 915 F.2d at 207.

Here, the court finds no strong or compelling reasons to deny plaintiff's motion. Although the original complaint was filed on September 4, 2004, the *qui tam* action remained under seal until April of 2008, at which time plaintiff filed his amended complaint. The scheduling order was recently entered on July 8, 2008, and plaintiff filed the present motion on July 11, 2008. The parties have not yet engaged in any discovery, the deadline for discovery is not until March 30, 2009, and the trial is still about one year

away (August 10, 2009).  Moreover, as defendants candidly acknowledged at the hearing on this motion, they have not relied upon the plaintiff's failure to demand a jury trial in managing this litigation and otherwise will not be prejudiced by granting plaintiff's motion.  Therefore, the motion is GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 8, 2008
Date